**Michael STEFANI, Plaintiff,**

v.

**PAUL REVERE LIFE INSURANCE CO., Defendant.**

No. 00–75211.

United States District Court,
E.D. Michigan,
Southern Division.

July 19, 2001.

*OPINION AND ORDER (1) DENYING PLAINTIFF'S MOTION TO RE-MAND, AND (2) HOLDING IN ABEYANCE FOR TWO WEEKS DEFENDANT'S MOTION TO DIS-MISS RE PLAINTIFF'S REQUEST TO FILE AN AMENDED COM-PLAINT*

BORMAN, District Judge.

Before the Court are two motions: Defendant Paul Revere Life Insurance Company's motion to dismiss (Docket Entry # 2), and Plaintiff Michael Stefani's motion to remand (Docket Entry # 4). The Court heard oral argument on this motion on February 21, 2001.

## I.  BACKGROUND:

### A.  Factual Background

This dispute centers around a disability insurance policy purchased from Defendant.  Plaintiff is one of four shareholders in the Troy, Michigan law firm of Frank, Stefani, Haron & Hall, P.C. The insurance policy was purchased by the professional corporation (P.C.) to provide disability income protection.  Plaintiff reimbursed the P.C. for this expense.

At some point, Plaintiff began working a second job as a Detroit police officer, apparently while continuing his law practice. In March of 1998, Plaintiff suffered gun shot wounds while on duty as a police officer.  Then in January of 1999, Plaintiff suffered another injury when he was hit by ice falling off the roof of his home.  Plaintiff made application to Defendant for disability benefits for both injuries.  Defendant paid only part, or none of the benefit claims.

### B.  Procedural Background

Plaintiff brought the current action in Oakland County Circuit Court in October of 2000, alleging breach of contract, bad

faith, unfair trade practices under the Michigan Insurance Code, and violation of Michigan's Consumer Protection Act. In November of 2000, Defendant removed the case to this Court on the basis of federal question jurisdiction. Defendant alleged in the notice of removal that the insurance policy under which the Plaintiff was attempting to recover in state court (and state causes of action) is governed by ERISA because Plaintiff's employer (the law firm) purchased the policy.

Defendant then filed the instant motion to dismiss, alleging that because the policy under which Plaintiff is attempting to recover is governed by ERISA, Plaintiff's complaint alleging state law causes of action must be dismissed. Plaintiff thereafter filed the instant motion to remand, alleging that the plan is not governed by ERISA, and therefore that this Court lacks subject matter jurisdiction over this suit. Alternatively, Plaintiff requests that, if the Court finds that ERISA governs the policy at issue, that Plaintiff be permitted to file an amended complaint to allege a cause of action under 29 U.S.C. § 1132, for recovery of plan benefits. These two motions are presently before the Court. The issue, then, is whether the disability insurance policy at issue is an ERISA plan.

## II. DISCUSSION

### A. ERISA Governs "employee welfare benefit plans"

ERISA governs "employee benefit plans." 29 U.S.C. § 1001 *et seq.* Section 1002(1) defines "employee welfare benefit plan" as:

any plan, fund, or program which was[/is] established or maintained by an employer or by an employee organization, or by both, ... for the purpose of providing for its participants or their beneficiaries, through the purchase of

insurance or otherwise [certain types of employee] benefits.

As part of ERISA, Congress authorized the Secretary of Labor to "prescribe such regulations as he [or she] finds necessary or appropriate to carry out the provisions of this subchapter." 29 U.S.C. § 1135. In clarifying who is an "employee" for purposes of an employee welfare benefit plan, the Secretary of Labor has promulgated one such regulation, which provides, in relevant part:

(b) Plans without employees. For purposes of Title I of the Act and this chapter, the term "employee benefit plan" shall not include any plan, fund or program, ... under which no employees are participants covered under the plan

. . . .

(c) Employees. For purposes of this section:

(1) An individual and his or her spouse shall not be deemed to be employees with respect to a trade or business, whether incorporated or unincorporated, which is wholly owned by the individual or by the individual and his or her spouse, and

(2) A partner in a partnership and his or her spouse shall not be deemed to be employees with respect to the partnership.

29 C.F.R. § 2510.3–3.

■ In *Agrawal v. Paul Revere Life Insurance Co.,* 205 F.3d 297 (6th Cir.2000), the Sixth Circuit reviewed the three-step factual analysis that the court had established in *Thompson v. American Home Assurance Co.,* 95 F.3d 429 (6th Cir.1996), for determining whether a benefit scheme satisfies the ERISA definition of an "employee welfare benefit plan." *Agrawal,* 205 F.3d at 299. Under this inquiry, the court first applies the Department of Labor's "safe harbor" regulations, 29 C.F.R. § 2510.3–1(j). Second, the court deter-

mines if a "plan" existed by examining whether, "from the surrounding circumstances a reasonable person could ascertain the intended benefits, the class of beneficiaries, the source of financing, and procedures for receiving benefits." *Agrawal*, 205 F.3d at 299 (citations and quotation marks omitted). Finally, the court inquires whether the employer established or maintained the plan with the intent of providing benefits to its employees. *Id.* at 300.

In the case at bar, the first factor appears to be satisfied. The parties do not assert that the "safe harbor" provisions apply to the instant policy. The remaining two factors are at issue.

Plaintiff argues that the insurance policy at issue is not an ERISA "employee benefit welfare plan" for two reasons: (1) he is not an "employee," but rather an employer; and (2) the plan does not provide benefits to any non-owner employees.

### 1. Plaintiff's Employment Status

The Sixth Circuit has established that if an individual was the sole owner of a medical corporation, he would not be an employee, and, therefore, ERISA would not govern the policy at issue. *See Fugarino v. Hartford Life and Accident Ins. Co.*, 969 F.2d 178 (6th Cir.1992); *see also Agrawal*, 205 F.3d at 302–03. In the instant case, Plaintiff is one of four shareholders in a professional corporation.

Case law is not consistent on whether Plaintiff's ownership interest makes him an ERISA-exempt employer, or whether it causes him to be an employee of the law firm/professional corporation.

In *Fugarino*, the Sixth Circuit held that for purposes of ERISA, the sole proprietor of a restaurant was an employer, and not an employee of the business. *Fugarino*, 969 F.2d at 186. In explaining 29 C.F.R.

§ 2510.3–3(c)(1), the court of appeals stated, "[a]s a result of these regulations, a plan whose sole beneficiaries are the *company's owners* cannot qualify as a plan under ERISA. See *Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 264 (9th Cir. 1991)." *Fugarino* at 185 (emphasis added). An issue created by this quote, is whether, by using the term "company's owners," rather than "companies' owners" or "company's owner," the Sixth Circuit implied that multiple owners of a company may qualify as ERISA exempt employers. That question can be answered by examining the facts of *Fugarino*—a single company with a policy covering the sole proprietor husband and his wife.

The court in *Fugarino* further stated:

An "employee" and "employer" are plainly meant to be separate entities under ERISA. Thus, a sole proprietor or sole shareholder of a business must be considered an employer and not an employee of the business for purposes of ERISA.

*Id.* at 186 (citations omitted). This quote speaks of a sole proprietor or sole shareholder.

Some decisions have directly addressed whether multiple, non-married shareholders who are the sole beneficiaries and participants of a plan are ERISA-exempt employers.

In *McMurtry v. Paul Revere Life Ins. Co.*, No. 1:95CV–58–H, slip op. (W.D.Ky. Oct. 22, 1997) (Heyburn, J.), the court held that a doctor who was a fifty percent shareholder in a medical corporation was not an employer under ERISA. In *McMurtry*, the policy originated with an ERISA plan where the corporation paid the benefits. The district court held that the policy, as part of an ERISA plan did not change when the Plaintiff took over paying his benefits. Further in *McMurtry* the Plaintiff had an employment contract

and received a salary. The district court narrowly interpreted *Fugarino* to hold that it involved a sole shareholder; ERISA-exempt language dealt with a sole shareholder, and therefore the exclusion from ERISA coverage applied only to sole shareholders.

In *Potthoff v. Provident Life & Accident Ins. Co,* No. 1:00–CV–823, slip op. (W.D.Mich. Feb. 8, 2001) (McKeague, J.), the court held that a physician who was one of many shareholders in a medical corporation, which corporation established or maintained the policy for Plaintiff and other employees, was an employee under ERISA.

In *Melluish v. Provident Life & Accident Ins. Co.,* 2001 WL 311243, (W.D.Mich. Feb.26, 2001) (Quist, J.), the court held that a physician who was one of three shareholders in a medical company, was an employee under ERISA. The district court found: "Dr. Melluish, therefore, as simply one of multiple owners of Melluish, M.D., is properly classified as an employee under 29 C.F.R. § 2510, 3–3, and therefore under ERISA." Op. p. 814.

On the other hand, *Goutanis v. Mutual Group (US),* 1995 WL 86588 (N.D.Ill. Feb.24, 1995), a district court held that three brothers who were the only shareholders of a corporation were ERISA-exempt employers. The court reasoned:

> While we realize that [29 C.F.R. § 2510.3–3(c)(1) ] is expressly applicable only to sole proprietorships, we believe the principle behind both the partnership exclusion and the sole proprietorship exclusion is that owners with a controlling interest in a business (and their spouses) are not entitled to the benefits given to employees under an ERISA plan. In other words, if the only participants and beneficiaries of a benefit plan are the controlling owners of a business, that plan is not governed by ERISA, because there is no one under that plan who is in reality an employee within the contemplation of ERISA.

*Id.* at *4.

The United States District Court for the Eastern District of Michigan is the home of conflicting rulings on this issue. In *Magnuson v. Paul Revere Life Ins. Co.,* No. 99–70348, 1999 U.S. Dist. LEXIS 6021 (E.D.Mich. Apr. 7, 1999) (Cohn, J.), the plaintiff, a shareholder in his law firm, sued for benefits under a group long-term disability policy, applied for a disability insurance policy with the defendant in which only shareholders of the firm were invited to apply. After the defendant removed the plaintiff's state law claims, based, *inter alia,* on ERISA preemption, the plaintiff moved to remand the action, arguing that the case presented no federal question since he was not an ERISA employee; the policy did not qualify as an employee benefit plan because it was offered only to partners or shareholders in the firm. The defendant asserted that, based on *Fugarino,* Plaintiff Magnuson could not be considered an ERISA-exempt individual because the plaintiff was not a sole proprietor. Judge Cohn disagreed, ruling that "[a] fair reading of *Fugarino* suggests that the Sixth Circuit would regard this as a distinction without a difference." *Id.* at *13 (citing *Fugarino,* 969 F.2d at 185 ("[A] plan whose sole beneficiaries are the company's owners cannot qualify as a plan under ERISA.")). The district court concluded: "Even though the employer funds and maintains the policy, if the policy does not cover 'employees' it is not an 'employee benefit plan' and does not fall under ERISA."

In contrast, in *Santino v. Provident Life & Accident Ins. Co.,* No. 99–CV–70301–DT, slip op. (E.D.Mich. Sept. 29, 1999) (Hood, J.), the court determined that,

based on *Fugarino,* the plaintiff who was one of three shareholders in a medical corporation was an employee, and not an ERISA-exempt employer, such that the plan was governed by ERISA. In *Santino,* as in the instant case, the premiums were billed to and paid by the employer corporation.

In *Pini v. Paul Revere Life Ins. Co.,* No. 99–CV–70848–DT, slip op. at 5, (E.D.Mich. Oct. 19, 1999) (Cleland, J.), the court held that a corporation, co-owned by siblings does not fall within the ambit of policies exempt from ERISA under 29 C.F.R. § 2510.3–3(1), and therefore, the policy was an ERISA plan.

This Court will follow the rulings in *Santino* and *Pini.*

■ Defendant contends that 29 C.F.R. § 2510.3–3(c)(1) provides that only the sole owner of a business is an employer. The regulation at issue clearly exempts sole owners of corporations and their spouses; it does not exempt multiple shareholders of closely-held corporations, or professional corporations.

Defendant cites to a Department of Labor letter ruling/opinion as support for its position. That letter states:

This is in reply to your letter dated January 9, 1976, in which you ask us to confirm your interpretation that if the only participants in a pension or profit sharing plan are shareholders or spouses of shareholders, *qualified retirement plans need not comply with any of the reporting requirements* of the Employee Retirement Income Security Act of 1974 (ERISA).

For purposes of Title I of the ERISA, the term "employee benefit plan" does not include any plan, fund, or program, other than apprenticeship or other training program, under which no employee participants are covered under the plan (section 2510.3–3(b) of the enclosed regulation). According to section 2510.3–3(c)(1), an individual and his or her spouse are not employees with respect to an incorporated business if the business is wholly owned by the individual or by the individual and his or her spouse. [Thus], your interpretation is correct only where the stock of the corporation is wholly owned by one shareholder and his or her spouse and the shareholder or the shareholder and his or her spouse are the only participants in the plan.

Dept. of Labor, Pension & Welfare Benefit Programs, Opinion 76–67, 1976 ERISA LEXIS 58 (May 21, 1976) (emphasis added).

Defendant argues in support of its position, the legal presumption giving administrative regulations due deference under the *Chevron* doctrine.[1] Defendant argues that under that doctrine, because the DOL letter ruling/opinion states "only where the stock of the corporation is wholly owned by one shareholder and his or her spouse" is the owner considered not an employee, and thus, the policy was not an employee benefit plan under ERISA, the Court must find that multiple owners are employees under ERISA. Defendant argues that this opinion governs the interpretation of the section. This Court agrees.

### III. DEFENDANT'S MOTION TO DISMISS

■ Plaintiff's Complaint sets forth four Counts seeking relief under Michigan law, to wit:

---

1. *Chevron, USA, Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984).

COUNT I  Breach of Contract
COUNT II  Bad Faith
COUNT III  Unfair Trade Practices Under Insurance Code
COUNT IV  Violation of the Consumer Protection Act

None of these counts provides a basis for independent federal jurisdiction. Plaintiff's purported state law claims relate to the administration of an employee benefit plan, and the items are preempted by 29 U.S.C. § 1144.

In response to Defendant's Motion to Dismiss, Plaintiff asserts:

[S]hould this Court find that the disability insurance plans involved do qualify as employee benefit plans under ERISA, Plaintiff requests leave to file an amended complaint which states a cause of action under 29 U.S.C. § 1132 to recover benefits due him under the disability plans.

Plaintiff's Response, P.2.

The Court will provide Plaintiff with two weeks from today's date to file an amended complaint.

## IV. CONCLUSION

For the reasons stated above, Plaintiff's motion for remand is DENIED. Defendant's Motion to Dismiss is held in abeyance for two weeks re Plaintiff's request to file an amended complaint.

SO ORDERED.